■ IRVING TASHLICK, Respondent, v WHARTON INDUSTRIES, INC., et al., Defendants, and SAUL WARSHAW, Appellant.—Order entered in the Supreme Court, New York County, entered November 14, 1975, confirming the report of Special Referee Sullivan finding that plaintiff acquired in personam jurisdiction over defendant-appellant by substituted service and denying defendant-appellant's motion to reject the report and dismiss the complaint, affirmed, with $60 costs and disbursements to respondent. The question of the propriety of the ex parte order permitting substituted service, whether service was properly made thereunder, and whether service should have been made under CPLR 308 (subd 2) instead of CPLR 308 (subd 5) were all litigated before the Special Referee who reviewed the evidence at the hearing and reported that, on the basis of the credible evidence, service had been properly made. Appellant attacked the credibility of plaintiff's process server and sought to show that he was unworthy of belief; that he had not complied with the order by leaving a copy of process at the door of appellant's place of business; that appellant did not reside in New York City, etc. It is quite clear that appellant has been avoiding service for a long time. The record indicates that twice before the same process server had served appellant but on each occasion the service was successfully contested. It cannot be questioned that appellant has been given notice of the lawsuit and an opportunity to be heard. (See *Milliken v Meyer,* 311 US 457.) The record supports Special Term's finding that upon ample proof the Referee has found that plaintiff acted prudently in seeking an order of substituted service and that substituted service was effectively made and that personal jurisdiction of the defendant was obtained. Concur—Birns, Capozzoli and Nunez, JJ.; Murphy, J. P., and Lynch, J., dissent in the following memorandum by Murphy, J. P. In our view, the fact that defendant may have had notice of the pending lawsuit is irrelevant. "Nail and mail" service pursuant to ex parte order (CPLR 308, subd 5) is unavailable where, as here, the record is replete with admissions that service could have been effected under CPLR 308 (subd 2). Accordingly, we would reverse the order appealed

from and dismiss the complaint against appellant for lack of in personam jurisdiction.